UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

TIMOTHY L. LAWSON, SR.,              )
                                     )
        Plaintiff,                   )        Civil Action No. 10-11-DLB
                                     )
V.                                   )
                                     )
ELLISON SURFACE                      )        **MEMORANDUM OPINION**
TECHNOLOGIES, INC.,                  )        **AND ORDER**
                                     )
        Defendant.                   )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Timothy L. Lawson, Sr., filed this *pro se* civil action, which he later supplemented, asserting a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101-12213.  (Docs. #2, 5).  The Court previously granted Lawson's motion for leave to proceed *in forma pauperis*.  (Doc. #4).

Lawson filed his Complaint in this action using a form provided by the Court for *pro se* civil rights actions, Form EDKy. 520.  In his Statement of Claim, Lawson explains:

> On Aug 8, 08 Dave Bazler and I had a meeting over my being hurt.  On Aug 11, 08 Dave Bazler, Ed Mascus and I had meeting, both meetings were over Reasonable Accommodations because of the wreak.  On 9-4-08 got wrote up and was made to sign the paper.  Now Dave Bazler is saying "no job bids because of the write ups." And this wrote by plant manger (Dave Bazler) after three of us got wrote on same day.  On about two weeks that (Dave Bazler) plant manger, (Mike Murray) foreman, (Greg Dolby) human resource director.  These 3 had me come into the office around the end of Sept., first of Oct., because Mike Murray threatening me!  Greg Dolby turn it all around and made it sound as if I was the one that was threatening Mike Murray.  Then it got on my case about my dissabilties and how they do not have to help me out no my limitations or restrictions.  I contacted Sandra L. Bohart, EEOC Representative, filled charges.  Sandra Bohart tried to set up a mediation between Ellison Surface Tech. and my self.  Ellison refussed to have one.  I was written up on September 4, 2008, and denied any accommodations.  On December 29, 2008, I was terminated.

(Doc. #2, at 2-3). On January 27, 2010, the Court entered an Order granting Lawson's motion for leave to proceed *in forma pauperis*, directing him to file an amended complaint which satisfied Federal Rule of Civil Procedure 8(a) by setting forth facts sufficient to articulate a viable claim under the ADA. (Doc. #4). The Order also requested Lawson to provide a copy of a right-to-sue letter if he possessed one. *Id.*

On February 16, 2010, Lawson filed a Supplemental Complaint in this action. (Doc. #5). The Supplemental Complaint contains a near-verbatim recitation of the facts articulated in his original Complaint, and Lawson failed to file a copy of a right-to-sue letter with the Court.

Lawson's alleges a discrimination claim against a private employer under Title I of the ADA. Because he is proceeding without the benefit of an attorney, the Court reads his Complaint to include all fairly and reasonably inferred claims. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). To state a viable claim of discrimination under Title I, a plaintiff must allege facts which establish that: "(1) he is an individual with a disability; (2) he is 'otherwise qualified' to perform the job requirements, with or without reasonable accommodations; and (3) he was discharged solely by reason of his handicap." *Smith v. Grattan Family Enters., LLC*, No. 08-cv-14314, 2009 WL 536454, at *7 (E.D. Mich. March 3, 2009) (quoting *Cotter v. Ajilon Servs.*, 287 F.3d 593, 598 (6th Cir. 2002)).

Lawson's Complaint makes reference to "reasonable accommodations" for his "disabilities." However, as *Smith* makes clear, a complaint does not state a claim merely by alleging that the plaintiff has a "disability" that the employer refused to "accommodate," but he or she must allege *facts* which establish that these elements of a prima facie case exist in the case at bar. For example, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). While Lawson's physical condition

-3-

may or may not satisfy this definition, he has not alleged any facts which suggest that he satisfies this requirement. A complaint which merely couches its allegations in terms of the elements of a cause of action does not satisfy Rule 8(a)(2). *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. ... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Because Lawson's initial and supplemental complaints state nothing more than legal conclusions, even afforded the expansive reading afforded *pro se* pleadings, they do not state a claim for relief under Rule and must be dismissed without prejudice. *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Tex. 2000) ("[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be.") (quoting *Martin v. U.S. Post Office*, 752 F.Supp. 213, 218 (N.D. Tex. 1990); *Parker v. DeBuono*, No. 98 Civ. 5765, 2000 WL 223841 (S.D.N.Y. Feb. 25, 2000). Lawson is advised that this dismissal is without prejudice to his ability to file a new complaint that does satisfy the requirements of Rule 8. *Harman v. Gist*, No. 02 C 6112, 2003 WL 22053591 (N.D. Ill. Sept. 2, 2003).

Accordingly, **IT IS ORDERED** that:

1. The Plaintiffs' Complaint and Supplement Complaint (Docs. #2, 5) are **DISMISSED WITHOUT PREJUDICE**.

2. This is a **FINAL** and **APPEALABLE** order.

This 10th day of March, 2010.

-4-



G:\DATA\Opinions\Covington\2-10-11 MOO dismissing from PSLO.wpd